**William Paul BARRON, Jr., Plaintiff–Appellee,**

v.

**Paul LIVINGSTON; Aaron Eikenberry; Terry Barlow; Raymond E. Liebherr; Mark Berry; City of Fairborn; Fairborn Police Department, Defendants–Appellants.**

**No. 01–4172.**

United States Court of Appeals, Sixth Circuit.

Aug. 13, 2002.

Before KENNEDY, SUHRHEINRICH, and BATCHELDER, Circuit Judges.

Defendants appeal a decision and order entered by the magistrate judge in which he concluded that defendants Livingston and Eikenberry, City of Fairborn police officers, do not enjoy qualified immunity with respect to plaintiff's claims that they arrested plaintiff without probable cause and used excessive force in making the arrest in this civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Plaintiff filed his complaint in the Greene County, Ohio, Court of Common Pleas, alleging, inter alia, that defendants Livingston and Eikenberry arrested him without probable cause and used excessive force in making the arrest. Defendants removed the complaint to the district court, and the case was referred to the magistrate judge for all further proceedings by consent of the parties. Subsequently, defendants filed a motion for summary judgment based in part upon a qualified immunity defense, and plaintiff responded in opposition. The magistrate judge denied defendants' motion with respect to plaintiff's claims that defendants Livingston and Eikenberry subjected him to an arrest without probable cause and used excessive force in effecting the arrest, but otherwise dismissed plaintiff's claims. Defendants filed a timely notice of appeal, and plaintiff filed a cross-appeal.

On appeal, defendants Livingston and Eikenberry contend that they are entitled to qualified immunity in this case. Plaintiff responds that the magistrate judge's decision was proper with respect to the claims on appeal. In addition, plaintiff asserts a claim that the district court im-

properly dismissed his illegal search claim, but after plaintiff's brief was filed, this court dismissed plaintiff's cross-appeal for lack of appellate jurisdiction. *See Barron v. Livingston*, Nos. 01–4172/4352 (6th Cir. Feb. 4, 2002) (unpublished). Upon consideration, we will affirm the magistrate judge's decision and order because defendants Livingston and Eikenberry are not entitled to qualified immunity under the facts taken in the light most favorable to plaintiff.

Qualified immunity provides government officials the right to avoid the pre-trial burden of discovery. *Behrens v. Pelletier*, 516 U.S. 299, 314, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996). A district court order rejecting a qualified immunity defense is a collateral order subject to immediate appellate review insofar as the issue turns on a question of law. *Mitchell v. Forsyth*, 472 U.S. 511, 530, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). However, the order is not immediately appealable if the district court's determination hinges upon whether or not a genuine issue of material fact remains for trial. *Johnson v. Jones*, 515 U.S. 304, 319–20, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995). "(I)n order for such an interlocutory appeal based on qualified immunity to lie, the defendant must be prepared to overlook any factual dispute and to concede an interpretation of the facts in the light most favorable to the plaintiff's case." *Berryman v. Rieger*, 150 F.3d 561, 562 (6th Cir.1998).

Qualified immunity protects government officials performing discretionary functions from liability for civil damages as long as " 'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' " *Sova v. City of Mt. Pleasant*, 142 F.3d 898, 902 (6th Cir.1998) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)).

In order to survive a defendant's assertion of qualified immunity, the plaintiff must allege sufficient facts to show that the defendant's conduct violated a clearly established constitutional right. *Saucier v. Katz*, 533 U.S. 194, 202, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); *Cameron v. Seitz*, 38 F.3d 264, 272 (6th Cir.1994). "The unlawfulness of the official's actions must be apparent." *Cameron*, 38 F.3d at 272. Thus, qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Sova*, 142 F.3d at 902 (quoting *Hunter v. Bryant*, 502 U.S. 224, 229, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991)).

Here, the magistrate judge correctly concluded that plaintiff adequately alleged and supported his claims that these defendants arrested him in anger without probable cause and used excessive force in so doing. Review of plaintiff's response to defendant's motion for summary judgment supports his contention that he was arrested on an inapplicable charge because he angered defendant Livingston and that excessive force used in effecting the arrest caused him significant injury. Thus, plaintiff alleged violations in a manner that were not merely mistaken, but were purposeful and objectively unreasonable. *See Saucier*, 533 U.S. at 204–06, 121 S.Ct. 2151. Although defendants advance forceful arguments that their conduct was objectively reasonable, defendants' arguments do not concede the required interpretation of the facts in the light most favorable to the plaintiff's case. On the contrary, defendants argue the facts in the light most favorable to themselves. Under these circumstances, the record supports the magistrate judge's conclusion that defendants are not entitled to qualified immunity.

For the foregoing reasons, the magistrate judge's decision and order is af-

firmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.